IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| TINA M. HUDSON, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-1268-BMJ |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Tina M. Hudson, seeks judicial review of the Social Security Administration's (SSA) denial of her applications for disability insurance benefits (DIB) and supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 12], and both parties have briefed their positions.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.      Procedural Background**

On August 23, 2016, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff is not disabled and, therefore, not entitled to DIB or SSI. AR 20-36. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-5. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's CM/ECF pagination.

## II.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined Plaintiff has not engaged in substantial gainful activity since July 31, 2012, her amended alleged onset date. AR 23.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: "mild degenerative disc disease of the neck and back; left foot disorder, status post surgical repair; major depressive disorder, moderate; generalized anxiety disorder; [and] agoraphobia without panic attacks." *Id*. Then, at step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 23-25.

Relying in relevant part on a medical expert's (ME) testimony, the ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she:

> [can] perform light work . . . except she can lift, carry, push and pull 10 pounds frequently and 20 pounds occasionally. She can sit for 7 of 8 hours and stand and/or walk for 7 of 8 hours in an 8-hour workday. She can frequently climb stairs, ramps, ladders, ropes, and scaffolds, as well as frequently balance, crawl, and stoop. She can continuously kneel and crouch. She can have frequent exposure to unprotected heights and moving machinery. Further, she can perform simple, repetitive tasks with routine supervision, but should not perform customer service work. She can have occasional public contact and is able to adapt to work situations.

*Id.* at 25-26.

At step four, the ALJ determined Plaintiff cannot perform her past relevant work, *id.* at 34, and at step five, found Plaintiff can perform other work existing in significant numbers in the national economy. *Id.* at 35. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id.* at 35-36.

**III.     Claims Presented for Judicial Review**

Plaintiff alleges that: (1) the ALJ erred in giving the ME's opinion greater weight than the consultative examiner's (CE) opinion without providing specific and legitimate reasons, and, as a result, (2) Plaintiff's RFC is not supported by substantial evidence. *See* Pl.'s Br. at 9-16.

**IV.     Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, it does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.     Analysis**

**A.     The Weight the ALJ Afforded the Medical Opinions**

Plaintiff first alleges that the ALJ erred in assigning weight between two allegedly competing medical opinions. *See* Pl.'s Br. at 9-13. The Court affirms on this claim.

**1.     The Record and the ALJ's Decision**

Dr. Sarah M. Coats, Ph.D., serving as a CE, examined Plaintiff once, at the SSA's request. AR 527. In relevant part, Dr. Coats diagnosed Plaintiff with generalized anxiety disorder, major depression, and agoraphobia without a history of panic disorder, and wrote:

> The patient presents with evidence of severe anxiety disorders and depression that have a history of and potential to interfere with her ability to interact socially, adapt, interact, and even attend work. . . . That being said, her treatment history has been minimal (minimal therapy), and she has not been medication compl[ia]nt. Her . . . conditions have potential for significant improvement if appropriately treated.

3

*Id.* at 530.

At Plaintiff's hearing, Dr. Ashok Khushalani, M.D. served as a ME and offered his opinion on Plaintiff's mental limitations.[2] *Id.* at 50-60. Dr. Khushalani agreed with Dr. Coats' diagnosis and opined that Plaintiff could perform simple, repetitive tasks with occasional public contact and no customer service work. *Id.* at 55. Then, when asked if he agreed with Dr. Coats' opinion that Plaintiff's impairments could potentially interfere with her ability to attend work, Dr. Khushalani testified:

> Generally that would be if she is not treated for [her impairments]. If she is in treatment, then I don't agree that they should interfere with her work, with the parameters that I have described. You know, [Dr. Coats is] talking about work in general, but not with the definitions that we have talked about.

*Id.* at 58.

In assessing Plaintiff's RFC, the ALJ noted that Dr. Khushalani is a "board certified psychiatrist and was privy to the entirety of medical evidence." *Id.* at 31. The ALJ then "adopted" the ME's opinion "based on his psychiatric expertise, ability to review the entirety (or near entirety) of the evidence, as well as his familiarity with the [SSA] Regulations." *Id.* In relevant part, the ALJ then found:

> Upon questioning by [Plaintiff's] representative, Dr. Khushalani went on to state that he did not necessarily agree with a statement by the consultative examiner Dr. Coats in Exhibit 6F that the claimant's mental impairments could interfere with her ability to attend work, stating that if the claimant was in treatment, he believes she would be able to work within the parameters he set forth in the residual functional capacity above. The undersigned concurs with his testimony in this regard and . . . notes that Dr. Coats further indicated that with treatment, the claimant's symptomology and functioning had the capacity for improvement. He did acknowledge that the record did contain evidence of impairments which might

---

[2] Plaintiff notes that Dr. Khushalani initially stated that the record was too sparse for him to form an opinion. *See* Pl.'s Br. at 9, 13. However, the ME ultimately decided that he could form an opinion, AR 52, and Plaintiff does not otherwise challenge record development.

4

cause pain and conceded that such symptomology could cause problems with concentration, persistence and pace.

*Id.*

### 2. Analysis

Plaintiff alleges that the ALJ erred in giving greater weight to Dr. Khushalani, the ME, than to Dr. Coats, the one-time examining CE, without providing any legitimate reasons. *See* Pl.'s Br. at 9-13. The Court disagrees.

An ALJ is required to consider all the medical opinions of record. *See* 20 C.F.R. §§ 404.1257(c), 416.927(c). Generally, the opinion of a treating physician is given more weight than that of an examining consultant, and the opinion of a non-examining consultant is given the least weight of all. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). However, an ALJ must consider many factors in assessing the medical opinions, including "the amount of understanding of [the] disability programs and their evidentiary requirements that a medical source has, regardless of the source of that understanding, and the extent to which a medical source is familiar with the other information in [the claimant's] case record." 20 C.F.R. §§ 404.1257(c)(6), 416.927(c)(6). If an ALJ rejects an examining physician's opinion in favor of a non-examining physician's opinion, he or she must give "specific, legitimate reasons." *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003).

With this backdrop, the Court finds no reversible error in the ALJ's analysis. First, it is not entirely clear that the ALJ rejected Dr. Coats' opinion or even gave it any less weight than Dr. Khushalani's opinion. That is, Dr. Coats opined that Plaintiff's impairments could *potentially* interfere with her ability to attend work, but that Plaintiff could experience significant improvement with medical compliance. AR 530. Dr. Khushalani testified that Dr. Coats' opinion would be correct "if [Plaintiff] is not treated," but opined that Plaintiff should be able to attend

5

work "if she is in treatment." *Id.* at 58. Thus, reading the ALJ's opinion with common sense, *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012), the Court sees no obvious rejection of Dr. Coats' opinion.

Second, even if the Court read the ALJ's findings as rejecting Dr. Coats' opinion in favor of Dr. Khushalani's opinion, the ALJ gave specific and legitimate reasons for doing so. For example, the ALJ considered Dr. Khushalani's familiarity with the entire record, his expertise in psychiatry, his understanding of the SSA regulations, and Dr. Coats' own statement that Plaintiff had potential for significant improvement with treatment. AR 31. The ALJ also noted that "[a] review of the medical record concerning these impairments similarly supports Dr. Khushalani's opinion" and wrote numerous paragraphs outlining Plaintiff's noncompliance and/or lack of "any mental health symptomology" within the record. *Id.* at 31-33. In sum, "[t]he ALJ provided good reasons in his decision for the weight he gave to [Dr. Khushalani's] opinions. Nothing more was required in this case." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (citation omitted); *see also Krchmar v. Colvin*, 548 F. App'x 531, 534 (10th Cir. 2013) (affirming on grounds the ALJ "properly explained his reasoning for the weight assigned to the[] different opinions" including the reason for giving a non-examining source's opinion more weight than the treating source's opinion).

B. **The RFC Assessment**

Relying solely on her argument presented above, Plaintiff next claims that "[s]ince the ALJ did not provide support for her reliance on Dr. Khushalani and she based [Plaintiff's] mental RFC on his opinions, her RFC assessment is not supported by substantial evidence." Pl.'s Br. at 15. However, the Court has rejected Plaintiff's underlying premise, *see supra* at 5-6, and thus finds this argument meritless.

## VI. Conclusion

The ALJ properly weighed the medical opinions. Accordingly, the decision of the Commissioner is AFFIRMED.

ENTERED this 31st day of July, 2018.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE